IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GLEN WELLS, | * | |
| Petitioner | * | |
| v. | * | Criminal Case: SAG-16-0051 (Related Civil Action: SAG-21-1438) |
| UNITED STATES OF AMERICA, | * | |
| Respondents. | * | |

\*\*\*

**MEMORANDUM OPINION**

Petitioner Glen Wells was convicted by a jury of conspiring to distribute and possess with intent to distribute controlled dangerous substances in violation of 21 U.S.C. § 846. ECF 280. On February 22, 2018, United States District Judge Catherine C. Blake sentenced him to 188 months in prison. ECF 359. His conviction was affirmed by the United States Court of Appeals for the Fourth Circuit on June 24, 2020. ECF 437; *see also United States v. Campbell*, 963 F.3d 309 (4th Cir. 2020). Now pending before this Court is his Motion to Vacate, Set Aside or Correct Sentence, ECF 467. The Government filed a response, ECF 478, and Wells filed a reply, ECF 503. No evidentiary hearing is necessary to resolve the issues raised. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, Wells's motion will be denied.

Wells raises a single contention: that his trial counsel and his appellate counsel provided ineffective assistance by failing to contest whether his offense of conviction, 21 U.S.C. § 846, constituted a "controlled substance offense" for purposes of his designation as a career offender. He correctly notes that eighteen months after his sentencing, but ten months before the Fourth Circuit denied his appeal, the Fourth Circuit decided in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019) that a conviction under 21 U.S.C. § 846 did not constitute a "controlled substance offense" as contemplated by the career offender guideline.

That ruling, however, does not end the inquiry as to the effectiveness of Wells's trial and appellate representation. To establish ineffective assistance of counsel in violation of the Constitution, a petitioner must meet two prongs: (1) proof that counsel's performance fell below an objective standard of reasonableness and (2) proof that counsel's inadequate performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 687–88 (1984). In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Even if this Court were to assume, without deciding, that the failure to contest the applicability of the career offender enhancement caused either trial or appellate counsel's performance to fall below an objective standard of reasonableness, Wells cannot meet the second *Strickland* prong.

The record conclusively demonstrates that Wells's sentence would have been the same had he not been deemed a career offender. The sentencing judge affirmed that "*at least* one to three kilos of heroin was foreseeable to [Wells] based on the evidence that I heard at the trial." ECF 478-1 at 22:20–23 (emphasis added). That amount results in a base offense level of at least 30 pursuant to guideline 2D1.1(a). The sentencing judge in fact reiterated that "the standard of reasonable foreseeability would, as I say, *at least* get us to an offense level 30." *Id.* at 15:24–25 (emphasis added). Additionally, Wells's criminal history category, calculated without reference to his career offender status, *id.* at 24:23–25, is VI, which is the same criminal history category as a career offender. Thus, Wells's advisory guideline range, had he not been a career offender, would still have been at least 168–210 months.

Importantly, the sentencing judge imposed a sentence right in the middle of that lower, non-career-offender guideline range, and emphatically declined to sentence Wells under the career offender guidelines. The Statement of Reasons accompanying Wells's sentencing paperwork states, "career offender guideline . . . too high," as a rationale for the dramatic variance. ECF 360.

And at sentencing, Judge Blake explained, "I intend to announce a sentence that, while taking into account the guidelines, would not necessarily be affected by a different ruling if I happen to be wrong about the career offender status . . . [T]he career offender status, while I believe it does apply, it's based on two fairly old marijuana convictions. And I think that a sentence below what would otherwise be the career offender guidelines is sufficient in this case."  ECF 478-1 at 5:21-24; 24:21–25.  She went on to list the factors she considered in reaching the sentence she deemed sufficient, including Wells's "significant" role in a "very substantial drug conspiracy," his role as a supplier who involved his relationship with a police officer in the criminal activity, his involvement in an armed home invasion, his personal circumstances including his family relationships, the "overwhelming" nature of the evidence against him, and his relative culpability as compared to his co-defendants.  *Id.* at 22:10–24:18 and 25:1–12.  Considering all of those factors, she imposed a sentence of 188 months in prison.

Given the sentencing judge's express rejection of the career offender guideline range, and her dramatic downward variance to a sentence within the guideline range she would have applied if Wells were not a career offender, Wells is unable to establish that any ineffective assistance of counsel as to his career offender status prejudiced him in any way.[1]  He would have received the same sentence whether or not he qualified as a career offender, as expressly stated by the sentencing judge.  Accordingly, his *Strickland*-based motion is unavailing and will be denied.  Further, Wells has shown no basis for this Court to issue a certificate of appealability.  *See* 28

---

[1] As to Wells's appellate counsel, it is likely that recognition of the fact that career offender status had no impact on the ultimate sentence played into the decision not to raise that issue on appeal. "In applying [the *Strickland*] test to claims of ineffective assistance of counsel on appeal, . . . reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).  Appellate counsel "is not obligated to assert all nonfrivolous issues on appeal," because "'[w]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Id.* (internal citations omitted).

U.S.C. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (describing the "substantial showing" standard).

A separate order follows.

Dated: November 21, 2022

/s/<br>
Stephanie A. Gallagher<br>
United States District Judge